IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STRASBURGER & PRICE LLP**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1373-L** |
| | § | |
| **LANE GORMAN TRUBITT, PLLC**, | § | |
| | § | |
| Intervenor Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **UNITED STATES OF AMERICA, et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Summary Judgment, filed March 17, 2011.

After reviewing the motion, record, unopposed response, and applicable law, the court **grants** the

United States' Motion for Summary Judgment.  Additionally, the court **denies as moot** Strasburger

& Price LLP's Unopposed Motion for Extension of Time to File Supplemental Response to Court's

Order of July 29, 2011.

## I.      Background

This interpleader action was initiated on July 14, 2010, and arises out of the administration

of the estate of decedent Dr. Jacob Lindy Kay.[*]  On April 4, 2008, the estate's beneficiaries entered

---

[*] Summonses were issued to all Defendants, including the estate and its beneficiaries, on July 14, 2010.  Plaintiff provided proof of service for all but two estate beneficiary Defendants on August 10, 2010. To date, only the government has appeared in this action, although Lane Gorman Trubitt, PLLC joined as an intervenor plaintiff on July 5, 2011.  The intervenor plaintiff does not oppose the government's motion for summary judgment.

**Memorandum Opinion and Order – Page 1**

into a Family Settlement and Distribution Agreement (the "Agreement"), which culminated in the executor's distribution of $190,000 in estate assets by April 11, 2008.  As part of the estate's administration, the executor paid to Strasburger & Price, LLP ("Plaintiff") an amount of funds to be held in escrow for the purpose of paying any income taxes due.  Plaintiff invested the escrow funds into a Certificate of Deposit ("CD") issued by Frost National Bank, Dallas, Texas.

Per the Agreement, if the Internal Revenue Service (the "IRS") assessed any additional amount by reason of taxes, interest, or penalties against the decedent's estate, Plaintiff was to use the proceeds of the CD, including any accumulated interest, to pay and satisfy the IRS's claims. After satisfaction of all IRS claims, the Agreement directed any remaining sums in possession of Plaintiff to be divided into fifteen shares and paid to numerous individual Defendants.  The IRS sent a Past Due Tax Statement notifying the executor that the sum of $241,883.20 was due by November 13, 2008.  To date, that amount has not been paid.

Plaintiff believes that it may be subject to multiple liability with respect to the amount of funds in the CD because of rival claims by Defendants and the IRS.  Accordingly, Plaintiff has tendered the entire amount of the CD – $96,931.42 – into the court registry.  Once the proper beneficiary of the CD proceeds is determined, Plaintiff requests that the court distribute the proceeds to the lawful beneficiary.  The United States filed its unopposed motion for summary judgment on March 17, 2011.

## II.   <u>Summary Judgment Standard When No Response Is Filed</u>

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas*

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed

fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

The parties have filed no response in opposition to the United States' Motion for Summary Judgment. This failure, of course, does not permit a court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). When no response is filed, such failure does permit the court to accept as undisputed the evidence set forth in support of a movant's motion for summary judgment. *Id.* The other parties have presented no summary judgment evidence to dispute the United States' version of the facts. Accordingly, the court accepts the government's facts and evidence as undisputed.

## III.   <u>Undisputed Facts</u>

On August 16, 2002, Dr. Jacob Lindy Kay died. Gov't App., Ex. 5. On May 27, 2003, the IRS extended the tax return filing deadline for the estate of the decedent to November 16, 2003. *Id.* at Ex. 3. On July 17, 2007, the estate of the decedent filed its Form 706 estate tax return and paid $380,516.68 in estate taxes. *Id.* at Ex. 1, 3. On September 10, 2007, the IRS assessed two penalties against the estate: an $85,616 penalty for failing to timely file its tax return and a $95,129 penalty for failing to timely pay its tax. *Id.* at Ex. 3. The IRS issued a Notice of Balance Due to the estate administrator on the same day. *Id.* Two months later, on October 15, 2007, the IRS issued a Notice of Intent to Levy. *Id.*

On January 30, 2008, after reviewing the estate's tax return, the IRS accepted the return as filed and sent a closing letter to the estate stating that no change was made to the estate's liability.

**Memorandum Opinion and Order – Page 4**

*Id.* at Ex. 2.  On April 4, 2008, the estate's beneficiaries executed the Agreement, and $95,379 of estate funds were deposited into an escrow account managed by Plaintiff and established to cover additional IRS liabilities.  On October 20, 2008, and October 26, 2009, the IRS issued a Notice of Balance Due.  *Id.* at Ex. 3.  On July 1, 2010, the Agreement terminated without any payments being made to the IRS and, on July 14, 2010, Plaintiff filed an interpleader suit and deposited the escrow funds with this court.

## IV.   Analysis

The undisputed facts demonstrate that the United States' interest in the interpleaded funds has priority over all other Defendants.  Further, the facts establish that Defendants set aside the funds specifically for payment of the government's tax claims.  It is undisputed that the estate of the decedent owes over $250,000 in federal estate tax penalties.  A lien in favor of the United States arises after the nonpayment of taxes.  26 U.S.C. § 6321.  Such lien attaches to "all property and rights to property" owned by the taxpayer.  *Id.*  Here, it is uncontroverted that the interpleaded funds belong to the estate.  Further, the record makes clear that the estate has not contested its tax liabilities in this proceeding, despite summons being issued to all parties on July 14, 2010.

Finally, with respect to Plaintiff's request for attorney's fees, it is well settled that attorney's fees may not be awarded from funds subject to a prior federal tax lien.  *See, e.g.*, *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1974) ("The stakeholder of an interpleader fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien.").  Because the amount of tax liability exceeds the amount of interpleaded funds, Plaintiff is not entitled to attorney's fees. Moreover, in light of the foregoing, the court determines that the United States is the lawful beneficiary of the $96,931.42 that Plaintiff deposited into the registry of

the court.  There being no genuine dispute of material fact, the United States is entitled to judgment as a matter of law.

With respect to the court's concerns regarding service of Defendants, Plaintiff has provided the court with proof that service has been effected on all but two estate beneficiary Defendants. Specifically, Plaintiff has provided proof that the executor of the decedent's estate Fred K. Whisenhunt has been served.  Under Texas law, the estate is represented by its executor – not its beneficiaries – and therefore the United States does not seek judgment against any unserved party. Accordingly, in light of the undisputed facts and record, summary judgment in the government's favor against the decedent's estate is appropriate.  Plaintiff need not file any additional briefing.

## V.     Conclusion

For the reasons stated herein, the court determines that there is no genuine dispute of material fact and that the government is entitled to judgment as a matter of law.  Accordingly, the court **grants** the United States' Motion for Summary Judgment.  The clerk of the court is **directed** to tender forthwith the $96,931.42 contained in the court's registry, in addition to any accrued interest, to the United States.  Because no further briefing from the party is necessary to this action, the court **denies as moot** Strasburger & Price LLP's Unopposed Motion for Extension of Time to File Supplemental Response to Court's Order of July 29, 2011.  Further, for the reasons herein stated, the court **denies** Plaintiff's request for attorney's fees.

**It is so ordered** this 17th day of August, 2011.

Sam A. Lindsay
United States District Judge